## SMITH v. CLAYTON, et al.

LEGACIES—*probate court—appeals.* Where W., sr., bequeaths a legacy to S., appointing W., jr., his executor, who dies without having paid over the legacy, S. should seek it from the estate of W., sr.

S. having presented his claim to the executor of W., jr., and obtained an allowance of it by the probate court, the executor appealing to the circuit court, which found error and remanded the case to the probate court, there was no *final* judgment in the circuit court, and this court, on appeal, has no jurisdiction.

In such a case the circuit court, finding error, must try the case *de novo.*

*Error to Drew Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

WATKINS & ROSE, for plaintiff.

If there was error in the proceedings of the probate court, the circuit court should have heard the case *de novo*, and given such judgment as the probate court should have given, certifying its judgment to that court. *Dillard v. Baines*, 5 *Ark.*, 301; *Harris v. Foster, id.*, 717.

*Quere.* Is the case of *Bennett v. Worthington*, 24 *Ark.*, 487, declaring that the statute of limitations ran, during the rebellion, to be considered as law under the present Constitution?

GARLAND & NASH, for defendants.

It is very clear that, under our statute, the claim was barred when presented, and the executors acted as they should have done in rejecting it. See *Gould's Dig.*, *chap.* 4, *sec.* 99; 14 *Ark.*, 246; 15 *ib.*, 41; 18 *ib.*, 334; 17 *ib.*, 539; 19 *ib.*, 445; 20 *ib.*, 84; 22 *ib.*, 537; 23 *ib.*, 604. And, by the foregoing authorities, it is made the duty of executors or administrators to plead the statute of non-claim.

The statute of non-claim is sweeping, and makes no exceptions, and this brings the statute of limitations against the estates of deceased persons; and, there being no exceptions in the law, the courts can not make any, but must permit the statute to operate as the Legislature has made it. *Pryor v. Ryburn*, 16 *Ark.*, 671; *Bennett v. Worthington*, 24 *ib.*, 487.

We submit, that, in suing for his legacy, he should have proceeded upon the bond of the executors of Watson, if, after they had administered the estate, they neglected or refused to pay him said legacy. See *Clark, et al., v. Shelton*, 16 *Ark.*, 474, which was afterwards affirmed in 23 *Ark.*, 94.

McCLURE, J.

It appears from the record, in this case, that George B. Watson, sr., made a will, wherein he appointed George B. Watson, jr., his executor. In a short time afterward, George. B. Watson, sr., died.

This will was duly probated, and George B. Watson, jr., qualified as such executor, and entered upon the discharge of his duties. In June of 1859, George B. Watson, jr., made a partial settlement with the probate court of Desha county, whereby it appears that the sum of $2,478$\frac{49}{100}$ was shown to be due to John Floyd Smith, one of the legatees of George B. Watson, sr.

In September, of 1861, George B. Watson, jr., died, and by his last will and testament appointed James P. Clayton, Harriet Watson, (his widow,) and Lewis W. Watson (his son,) his executors.

On the 21st of September, 1865, John Floyd Smith made out a claim against the estate of George B. Watson, jr., as one of the legatees of George B. Watson, sr., for $2,478$\frac{49}{100}$, with interest to date, and presented the same to James P. Clayton, one of the executors of George B. Watson, jr., for allowance, who rejected the same on the ground of non-claim within two years from the date of the issuing of letters testamentary.

The same account or claim was presented to the probate court, for classification and allowance, placed in the third class and allowed, to which action of the probate court the executors excepted, and appealed to the circuit court. The cause came on for hearing in the circuit court, and the court says "it doth appear that there is manifest error in the judgment of the probate court allowing the same; it is therefore considered by the court that this cause be remanded to the probate court of Desha county, with orders to dismiss the demand.

The counsel for the appellant cites us to *Dillard v. Baines,* 5 *Ark.,* 302, and *Harris v. Foster,* 5 *Ark.,* 717. In Dillard *v.* Baines, the circuit court said, " there is error in refusing to class the claim;" and ordered that "this cause be remanded back to the said probate court, and that said court proceed to classify the same according to law."

There is a great similarity in these cases. *Sec.* 201, *chap.* 4, *of Gould's Digest,* says: " If the circuit court should be of opinion that the court of probate erred in relation to any material question of law or fact, the circuit court should try the matter *de novo;* and such court shall make the same order and decision that ought to have been made by the court of probate."

Chief Justice RINGO delivered the opinion of the court, in Dillard *v.* Baines, and he says: " The *remanding* of the case to the probate court was wholly unauthorized by law, and left the case without any final judgment. The circuit court had no power except to enter of record the decision, order, or judgment that ought to have been made."

The learned judge says that that case is similar to that of *Reagan v. Mitchell,* 4 *Ark.,* 630, wherein it was held that " if, on appeal from the probate court, the circuit court acts only on the exceptions taken, but wholly omits, on sustaining the exceptions, to try the matter *de novo,* or make such order and decision as should have been made by the probate court, the judgment is not final, and error does not lie to this court.". The learned judge continues by saying that " this court has no jurisdiction of the case."

It appears to us that the legacy of Smith must come from the estate of George B. Watson, sr., and that he must seek it through that channel. What has become of the bond and the sureties of the executors? For what pupose was it given, and where and who is the present legal representative of the estate? are questions that counsel might study with profit.

This case is ordered to be dismissed, for want of jurisdiction.

Judge HARRISON, being disqualified, did not sit in the case.

Hon. JOHN WHYTOCK, Special Supreme Judge.